UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAMARIUS JEROME BOWES,

   Plaintiff,

v.                                            Case No. 3:18cv1325-MCR-CJK

NICHOLAS JOHNS, et al.,

   Defendants.
_____/

ORDER

This cause is before the court on plaintiff's civil rights complaint. (Doc. 1). From a review of the complaint, it is evident the facts as presented fail to support a viable claim for relief under 42 U.S.C. § 1983 as to defendant Perritt. In addition, plaintiff cannot state a claim under the Universal Declaration of Human Rights, and the court cannot order the criminal prosecution of the defendants. The court will provide plaintiff an opportunity to clarify his allegations in an amended complaint.

BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Martin Correctional Institution. The complaint names five employees of Blackwater River Correctional Facility ("BRCF") as defendants: (1) Sergeant Nicholas Johns; (2) Officer Matthew Perritt; (3) Officer Tyler Davis; (4) Captain John Doe I; and (5) Sergeant John Doe II. The complaint sets forth the

factual allegations which follow, the truth of which is accepted for purposes of this order.

At BRCF on November 2, 2017, defendant Perritt pulled plaintiff's pants down around his knees and forced him to walk across the compound to confinement. Outside of F-dormitory, the two officers escorting plaintiff, defendants Johns and Davis, rammed plaintiff's "face into the gate right in front of F-dorm and again into the gate in between E and F-dorm." In addition, during the escort Johns, Davis, and John Doe I "had smiles on their faces telling [plaintiff] how '[he] was in for a good ass whooping' and that '[he] fucked with the wrong ones.'"

When the group neared the medical department, plaintiff heard the officers "devising a plan to assault [him]." "John Doe I told Johns and Davis to wait until they had [plaintiff] right outside of the entrance to confinement to start assaulting [him]." "A couple of paces from the entrance to confinement John Doe I started a count down . . . and when he reached the count of three Johns and Davis slammed [plaintiff] on the ground." While plaintiff was on the ground, the defendants "kneed and elbowed [him], they gouged at [his] eyes and twisted [his] knee, they scrubbed [his] head and face against the concrete." Although plaintiff pleaded with them to stop and yelled for help, the defendants "only laughed and said that no one could help . . . and that they wasn't going to kill [him] just take [him] to the brink of death and then bring [him] back."

After the officers finished, Johns and Davis picked plaintiff up and brought him into confinement; "John Doe II was waiting with the use of force camera." Davis instructed John Doe II to wait to start recording "so they could have another go at [plaintiff]." Defendants took plaintiff into the shower and slammed him to the ground. Defendants again punched, kicked, kneed, and elbowed plaintiff. After the beating ended, a nurse examined plaintiff and cleared him for confinement. When plaintiff reached his cell, he "passed out and was unconscious." He "woke up on the ground surrounded by officers one of which . . . was laying over [him] with a shield while others cuffed [his] wrist and ankles."

The officers placed plaintiff in a wheelchair, took him to a transport van, and "emergency transferred him to Santa Rosa Correctional Institution." When he arrived at SRCI, a nurse documented plaintiff's injuries and gave him ibuprofen. A doctor subsequently ordered x-rays and gave plaintiff steroids.

Based on the foregoing, plaintiff alleges the defendants violated the Eighth Amendment. Plaintiff also alleges the defendants' actions constituted assault and battery under Florida law, as well as a violation of the Universal Declaration of Human Rights. As relief, he asks for "an injunction ordering the Department of Justice to prosecute" the defendants criminally. He also seeks compensatory and punitive damages.

DISCUSSION

Plaintiff cannot state a claim pursuant to the Universal Declaration of Human Rights under 42 U.S.C. § 1983. *See Moore v. McLaughlin*, 569 F. App'x. 656, 660 (11th Cir. 2014) ("The rights secured by the UNDHR are not federal rights."). "[T]he Declaration does not of its own force impose obligations as a matter of international law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004). "Accordingly, [plaintiff] could not base his § 1983 action on the violation of UNDHR rights." *Moore*, 569 F. App'x at 660.

Plaintiff also cannot state an Eighth Amendment claim against defendant Perritt. "The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison." *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). "To state an Eighth Amendment claim under § 1983, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). "Under the objective component, a prisoner must allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." *Id.* "To satisfy the subjective component, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." *Id.* "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious

harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Perritt allegedly pulled plaintiff's pants around his knees and ordered him to walk across the prison compound. Such an act is not "so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." Nor do plaintiff's allegations show Perritt knew such conduct created a risk of serious harm. Plaintiff has not alleged an Eighth Amendment violation against defendant Perritt.

As relief, plaintiff asks that the court order the Department of Justice to prosecute the defendants. Courts, however, do not order criminal prosecutions. *See Nicholas v. Heffner*, 228 F. App'x 139, 141 (3d Cir. 2007) ("[T]he District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (noting "[t]he decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced"); *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.") (*citing Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Based on the allegations in the complaint, plaintiff cannot state an actionable claim against defendant Perritt. In addition, plaintiff cannot state a claim under the

Universal Declaration of Human Rights, and the court cannot order the criminal prosecution of the defendants. If plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint.**" Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place the defendants' names in the style of the case on the first page of the complaint form and include their addresses and employment positions in the "Parties" section of the form. In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from the complaint. In the section titled "Statement of Claims," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. The amended complaint must contain all of plaintiff's allegations, because once an amended complaint is filed all earlier complaints are disregarded. *See* N.D. Fla. Loc. R. 15.1.

Case No. 3:18cv1325-MCR-CJK

Accordingly, it is ORDERED:

1. The clerk shall update plaintiff's address to Martin Correctional Institution, 1150 S.W. Allapattah Road, Indiantown, Florida 34956-4397.

2. The clerk shall send plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983 (for prisoners). This case number and the words "Amended Complaint" should be written on the form.

3. Within **30 days** from the date of this order, plaintiff shall file either a notice of voluntary dismissal or an amended civil rights complaint. If plaintiff files an amended complaint, it must be typed or clearly written and submitted on the court form as instructed above.

4. Plaintiff's failure to comply with this order as instructed will result in a recommendation that this case be dismissed.

DONE AND ORDERED this 9th day of January, 2019.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**